**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

JAMES WHITEHEAD                                                                       PLAINTIFF

v.                                                                                           NO.3:06-CV-147-JDM

NEIL BOWEN                                                                                          DEFENDANT

**MEMORANDUM OPINION**

The defendant, Neil Bowen, by counsel, moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The plaintiff, James Whitehead, by counsel, seeks relief for injuries, including a fractured wrist, under 42 U.S.C. § 1983 and state tort law, from the defendant police officer, in his personal and official capacities, for the alleged use of excessive force during arrest. The defendant argues the complaint incorrectly identifies him as the arresting officer. The court concludes the defendant is entitled to summary judgment because there is insufficient evidence the defendant officer had any involvement in the facts and circumstances giving rise to this complaint.

**I.**

In support of his motion, the defendant produces by affidavit documentation to show, first, that the arresting officer was unequivocally an officer named Dale Elliot, chief of the Pioneer Village Police Department, and second, that at the time of the arrest, the defendant officer was not on patrol duty but was appearing in Bullitt District Court as a testifying witness in a criminal matter.

In his opposing memorandum, the plaintiff relies solely on the allegations in the complaint that the defendant detained, seized and arrested him on March 17, 2005 and is responsible for the events alleged in the complaint. The plaintiff argues his pleading creates an

issue of fact and that he is entitled to discovery, including the defendant officer's deposition. The plaintiff does not address how the officer's deposition may provide any evidence to support the allegations in the complaint.

## II.

In federal court, a moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Matshushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The pivotal issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.*, at 249-50 (internal citations omitted).

"[A] plaintiff may not, in defending against a motion for summary judgment, rest on mere allegations or denials of his pleadings." *Id.*, at 259. Rather, an opponent to a motion for summary judgment "must set forth through competent and material evidence specific facts showing that there is a genuine issue for trial." *Miller v. Lorain County Bd. of Elections*, 141 F.3d 252, 256 (6th Cir. 1998). A nonmoving party likewise may not rely on an allegation that a jury may not believe the moving party's witnesses to avoid summary judgment. Instead, the opponent must present affirmative evidence to defeat a properly supported motion for summary judgment. *Audi AG v. D'Amato*, 469 F.3d 534, 542 (6th Cir. 2006); *Keeneland Ass'n, Inc. v. Eamer*, 830 F.Supp. 974, 984 (E.D.Ky. 1993).

**III.**

The plaintiff's reliance on the allegations in the complaint fails to satisfy his burden of proof sufficient to withstand summary judgment under Rule 56. The plaintiff fails to set forth any specific facts that the defendant had any personal or supervisory role in the alleged deprivation of the plaintiff's constitutional right against the use of excessive force. Under this federal standard, the court concludes there is no genuine issue of material fact whether the defendant's conduct is actionable under § 1983. *See Petty v. Franklin*, 478 F.3d 341 (6th Cir. 2007). Under the same reasoning, the court concludes the plaintiff likewise fails to create a genuine issue of material fact under the remaining state law claims of outrageous conduct and assault and battery.

The defendant has set out detailed, particular facts which demonstrate that he was not the arresting officer; moreover, he produces uncontradicted proof that he was somewhere entirely different at the time of the incident. The plaintiff relies on nothing more than unsubstantiated generality in his complaint, and such a generic, conclusory assertion is plainly inadequate to avoid summary judgment.

Because there are no genuine issues of material fact and the defendant is entitled to judgment as a matter of law, the court will grant summary judgment in the defendant's favor by separate order.

DATE:

cc: Counsel of Record