**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

JAMES WHITEHEAD                                                    PLAINTIFF

v.                                                       NO.3:06-CV-147-JDM

NEIL BOWEN                                                        DEFENDANT

<u>**MEMORANDUM OPINION**</u>

The plaintiff, James Whitehead, by counsel, moves to vacate the court's grant of summary judgment for the defendant, Neil Bowen, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.  This is an action under 42 U.S.C. § 1983 and state tort law for injuries the plaintiff allegedly sustained from excessive force during arrest.  The court granted summary judgment on the ground there was insufficient evidence the defendant had any involvement in the events alleged in the complaint.  The plaintiff tenders an affidavit to cure the deficiency and argues the court's ruling was premature and otherwise erroneous.  For reasons set forth below, the court concludes summary judgment should stand and that the plaintiff's motion to vacate should be denied.

The plaintiff filed the complaint on March 17, 2006.  On January 12, 2007, nearly ten months later, the defendant moved for summary judgment, supported by affidavit, on the ground that the complaint mistakenly identified him as the arresting officer and that at the time of the events in the complaint, officer Bowen was a testifying witness in court on an unrelated matter. The court granted the defendant's motion because the plaintiff failed to oppose the defendant's motion with any affirmative evidence whatsoever that officer Bowen was involved in the events alleged in the complaint.

In support of the motion to vacate, the plaintiff argues the grant of summary judgment

was improper because the court failed to review the evidence in a light most favorable to the non-moving party.  The only evidence, however, on which the plaintiff relied in opposition to the motion was the general allegation in the complaint that officer Bowen arrested the plaintiff on March 17, 2005 and used excessive force, breaking the plaintiff's wrist.  It is well settled that a plaintiff must present affirmative proof of a claim rather than rest on the mere allegations in the complaint to defeat a properly supported motion for summary judgment.  *Audi AG v. D'Amato*, 469 F.3d 534, 542 (6th Cir. 2006).  Here, the plaintiff clearly failed to oppose the summary judgment motion with competent evidence of specific facts showing there is a genuine issue for trial.

The court is equally unpersuaded by the plaintiff's argument that summary judgment was entered prematurely.  The plaintiff argues he had no opportunity to proceed with discovery, particularly the officer's deposition, and was thus unable to offer contradictory testimony in opposition to the defendant's motion.  The record shows the defendant moved for summary judgment ten months after the commencement of this action; yet, the plaintiff offers no explanation why discovery did not occur during this period.  The plaintiff has an affirmative responsibility to move his case ahead; this he failed to do.  Furthermore, the plaintiff failed to articulate specifically how the anticipated discovery might create a genuine issue for trial.  The plaintiff thus fails to demonstrate that based on the pleadings before it, the court's grant of summary judgment was erroneous.

The plaintiff further argues the court should vacate summary judgment on the basis of an affidavit attached to the motion to vacate.  In this affidavit, the plaintiff-affiant states that he "was asked to exit the vehicle by an officer wearing a Pioneer Village Police Department bearing

the nameplate, Bowen" and that this same officer arrested him and used excessive force against him.[1]  The one-page affidavit contains no other specifics regarding the officer's identity nor any corroborating facts.  The motion and affidavit fail to address the defendant's evidence that officer Bowen was elsewhere at the relevant time and that official documentation identifies an officer named Dale Elliot as the arresting officer.  In addition, the plaintiff cites no case law in support of his motion.

Under Rule 59(e), a party must establish an error of law or present newly discovered evidence to obtain relief.  *Roger Miller Music, Inc., v. Sony/ATV Publishing, LLC*, 477 F.3d 383, 395 (6th Cir. 2007).  A party may not re-litigate matters that could have been raised before judgment was entered.  *Id.*  The defendant argues the court should not consider the post-judgment affidavit because it contains evidence that was available prior to the entry of summary judgment.  The court agrees.  The plaintiff's post-judgment effort to demonstrate specific facts with his affidavit is not sufficient to vacate the entry of summary judgment.  The plaintiff demonstrates neither that the judgment was erroneous or that newly discovered evidence entitles him to relief.

The court will, therefore, deny the plaintiff's motion to vacate by separate order.

DATE:

cc:  Counsel of Record

---

[1]Affidavit of James Whitehead, attached to Pl.'s Mot. to Alter, Amend, or Vacate (docket no. 32).